**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-60134
Summary Calendar

JAMIE JONES,

Plaintiff-Appellee,

versus

RANKIN COUNTY SHERIFF'S DEPARTMENT, ET AL.,

Defendants,

KEN DICKERSON, BILL PHILLIPS,

Defendants-
Appellants.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-816-WS
-----------------------------------------------------------
January 24, 2003

Before JONES, STEWART AND DENNIS, Circuit Judges.

PER CURIAM:*

Ken Dickerson and Bill Phillips appeal the district court's denial of their motion for

summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action. On appeal,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dickerson and Phillips argue that they are entitled to qualified immunity because Jamie Jones did not produce enough competent summary judgment evidence to: (1) establish that any issues of material fact exist; (2) show that Phillips and Dickerson had sufficient personal involvement in the events to justify liability under 42 U.S.C. § 1983; or (3) establish that he suffered any injury.

If Jones' factual allegations are accepted as true, as required by Behrens v. Pelletier, 516 U.S. 299, 313 (1996), it is not apparent that Dickerson and Phillips are entitled to qualified immunity as a matter of law. See Hope v. Pelzer, 122 S.Ct. 2508, 2512 (2002). Because facts material to the question of qualified immunity are in dispute, this court lacks jurisdiction over the Dickerson and Phillips' appeal. See Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994). Accordingly, the appeal is dismissed for lack of jurisdiction. In light of the disposition of this case, all outstanding motions are denied.

APPEAL DISMISSED FOR LACK OF JURISDICTION; ALL OUTSTANDING MOTIONS ARE DENIED.